UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES SIMON, individually and behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SEAWORLD PARKS & ENTERTAINMENT, INC., a Delaware Corporation,<br><br>Defendants. | Case No.: 3:21-cv-1488-LL-MSB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**[ECF No. 16]** |

Pending before the Court is Defendant SeaWorld's ("SeaWorld") Motion to Dismiss the First, Second, Third, Fifth, and Sixth causes of action in Plaintiff's Second Amended Complaint ("SAC"). ECF No. 16. The Motion has been fully briefed and is suitable for submission without oral argument. For the reasons set forth below, the Motion is **GRANTED**.

I.   BACKGROUND

Plaintiff Charles Simon filed this putative consumer class action complaint on August 20, 2021. ECF No. 1. The operative SAC was filed on September 28, 2021. ECF No. 15. The SAC asserts the following claims: (1) violation of California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*; (2) violation of

California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*; (3) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*; (4) breach of contract; (5) negligent misrepresentation; (6) intentional misrepresentation and fraud; and (7) unjust enrichment. *Id.*

SeaWorld operates multiple amusement parks within the United States, including SeaWorld San Diego, Sea World San Antonio, and SeaWorld Orlando. SAC ¶ 4. Plaintiff alleges that SeaWorld offers various choices when consumers purchase tickets to SeaWorld San Diego. *Id.* ¶ 6. Plaintiff also alleges that once a consumer selects their tickets online, they are presented with the option to purchase the "All-Day Dining Deal" ("ADDD") for an additional $44.99 per person. *Id.* ¶ 7. On July 10, 2021, Plaintiff purchased four tickets for Sea World's San Diego location with the ADDD. *Id.* ¶ 24. Plaintiff received an email "[o]n or about July 10" that contained certain details about his ticket purchase, such as the total cost and the billing and shipping address for the ticket purchase. *Id.* ¶ 28. Plaintiff further alleges that Defendant "advertised participating restaurants listed on the electronically provided tickets." *Id.* ¶ 32. Plaintiff alleges that "[u]pon reviewing information on Defendant's website about the 'All-Day Dining Deal,' [he] was led to believe that he, and each of the family members for whom he purchased a ticket with the 'All-Day Dining Deal,' would receive one meal per hour at the theme park at no additional charge at any of Defendant's advertised participating restaurants." *Id.* ¶ 30. Plaintiff alleges that while visiting SeaWorld San Diego, he was denied the benefits of the ADDD when he sought to redeem the voucher at two restaurants. *Id.* ¶ 33-35, 39. Plaintiff further alleges that he would not have purchased or paid for the ADDD upgrade had he known that he would not receive the benefits as advertised. *Id.* ¶ 88, 125, 128.

Plaintiff seeks to represent a nationwide class and a California class of all persons who purchased an ADDD upgrade with their tickets for a four-year period where one or more of the allegedly participating restaurants either did not participate in or honor the ADDD voucher. SAC ¶¶ 47-48. SeaWorld moved to dismiss the complaint on October 12, 2021. ECF No. 16. Plaintiff filed a Response in Opposition to the Motion to Dismiss

("Oppo.") on November 24, 2021. ECF No. 17. Defendant filed a Reply in support of its Motion on December 3, 2021. ECF No. 18. On December 6, 2021, Judge Sabraw vacated the hearing on the Motion, finding the matter suitable for decision without oral argument. ECF No. 19. This matter was transferred from the calendar of Judge Sabraw to the below signed Judge on January 7, 2022. ECF No. 20.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,'" it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A "formulaic recitation of the elements of a cause of action" is insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss based on the court's lack of subject matter jurisdiction. Plaintiff has the burden of establishing that a court has subject matter jurisdiction. *Assoc. of Med. Colls. v. U.S.*, 217 F.3d 770, 778-79 (9th Cir. 2000). Article III standing requirements must be met by at least one of the named plaintiffs in a class action. *Bates v. United Parcel Servs., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007). Standing requires that: "(1) at least one named plaintiff suffered an injury in fact, (2) the injury is fairly traceable to the challenged conduct, and (3) the injury is likely to be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (quotation marks and citation omitted).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). The Court also need not accept as true allegations that contradict matter properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. *Sprewell*, 266 F.3d at 988.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is facially plausible when the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

When a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). The Court may deny leave to amend where an amendment would be futile. *Desoto*, 957 F.2d at 658 (citation omitted).

Because Plaintiff's claims are grounded in fraud, the complaint must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (applying Rule 9 to false advertising claims brought under the UCL and CLRA). Rule 9(b) requires a plaintiff "alleging fraud or mistake . . . [to] state with particularity the circumstances concerning the fraud or mistake." Fed.R.Civ.P. 9(b).

## III. DISCUSSION

SeaWorld moves to dismiss Plaintiff's First, Second, Third, Fifth, and Sixth causes of action as set forth below.

### A. Standing

SeaWorld argues that Plaintiff fails, "to allege a specific statement or omission by SeaWorld on which the claims are based." Motion at 14. Specifically, SeaWorld argues that "Plaintiff fails to adequately allege (under the heightened pleading standard of Rule 9(b) or otherwise) that he actually saw and relied on any statement by SeaWorld, an element required to prove standing to pursue his CLRA, UCL, and FAL claims." *Id.* In response, Plaintiff points to his allegation "that he reviewed information on Defendant's website about the 'All-Day Dining Deal' and that, in reliance, he 'was led to believe that he, and each of [his family members]' would receive its benefits." Oppo. at 19 (citing SAC ¶ 30). Plaintiff further argues that "[he] included in the SAC the particular website and webpage he and other similarly situated consumers visited before purchasing the 'All-Day Dining Deal.'" Oppo. at 20 (citing SAC, n.3).

Plaintiff must allege reliance on the specific marketing materials claimed to misleading in order to establish standing to bring claims under the UCL, FAL, or CLRA. *See Bronson v. Johnson & Johnson, Inc.,* No. C 12-04184 CRB, 2013 WL 1629191, at * 2 (N.D. Cal. Apr. 16, 2013) (finding that plaintiffs did not have standing because they had not adequately alleged that they relied on defendant's internet and print advertising before making their purchase); *see also Davidson v. Kimberly-Clark Corp.,* No. C 14-1783 PJH, 2014 WL 3919857, at *9 (N.D. Cal. Aug. 8, 2014) ("To maintain a claim under the FAL and CLRA, as well as under any UCL premised on fraud or misrepresentation, a plaintiff must plead facts showing that she relied on the defendant's misrepresentation."). "[I]n a false advertising case, plaintiffs meet this requirement if they show that, by relying on a misrepresentation … they 'paid more than they otherwise would have paid, or bought it when they otherwise would not have done so.'" *Reid v. Johnson & Johnson*, 780 F.3d 952, 958 (9th Cir. 2015) (quoting *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1104 n.3, 1108 (9th

Cir. 2013)). "Actual reliance in the context of CLRA, UCL and FAL claims requires a plaintiff allege that she (1) was exposed to (*e.g.,* heard, read or saw) a defendant's representation, (2) that was false and/or misleading, (3) to which a reasonable person would attach importance (materiality), and (4) incurred economic injury as a result (*e.g.*, by purchasing a product for more money the plaintiff would have (or not purchasing a product at all) but for the misrepresentation." *Stewart v. Electrolux Home Prods., Inc.*, 1:17-cv-01213-LJO-SKO, 2018 WL 1784273, at *4 (E.D. Cal. Apr. 18, 2008) (internal citation omitted). To establish standing in a UCL case, "a party must … (1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., *economic injury*, and (2) show that that economic injury was the result of, i.e., *caused by*, the unfair business practice or false advertising that is the gravamen of the claim." *Kwikset Corp. v. Superior Ct.*, 51 Cal.4th 310, 322 (2011) (emphasis in original).

### 1. Affirmative Misrepresentations

Plaintiff argues that the SAC not only "cites to the particular website [Plaintiff] visited in purchasing the 'All-Day Dining Deal' voucher, but [] also quotes the particular language and affirmative representations Defendant made on that website." Oppo. at 15 (citing SAC ¶¶ 8-10). Plaintiff also points to the copy of the issued ticket which is attached as Exhibit B to the SAC. Oppo. at 15-16 (citing SAC ¶¶ 12-13). Plaintiff argues that, "unlike in *Hall*, the SAC here provides the specific date on which SeaWorld made the alleged statements." Oppo. at 16 (citing SAC ¶¶ 24, 30) (*Hall v. SeaWorld Ent'mt, Inc.*, No. 3:15-cv-660-CAB-RBB, 2015 WL 9659911 (S.D. Cal. Dec. 23, 2015)). However, Plaintiff's allegations fail to identify whether Plaintiff actually visited the website detailing the ADDD upgrade, and if so, when he visited the website in relation to buying the tickets on his smartphone. Plaintiff also fails to identify which statements he claims to have relied on that led him to believe that "he, and each of the family members for whom he purchased a ticket with the 'All-Day Dining Deal,' would receive one meal per hour at the theme park at no additional charge at any of Defendant's advertised participating restaurants." SAC ¶ 30. Instead, Plaintiff admits that he "cannot physically go back in time to copy the

particular language he saw on Defendant's website at the time of purchase." Oppo. at 17-18, n. 2.

Plaintiff's allegations are insufficient under the heightened pleading standard of Rule 9(b) to allege actual reliance on an affirmative misrepresentation. *See* Stewart, 2018 WL 1784273. In *Stewart*, the court found that the allegation that plaintiffs "researched various ovens online prior to purchase absent any allegations they reviewed product materials that included the identified alleged misrepresentations about the functionality of the self-cleaning oven, is insufficient to plead actual reliance under the heightened pleading requirement of Rule 9(b)." *Id.* at *5 (citing *Hall*, 2015 WL 96559911, at *5 ("Because the complaint does not allege (let alone with any specificity) that any of the named plaintiffs saw and relied on SeaWorld's statements about its treatment of whales when purchasing their tickets the named San Diego Plaintiffs lack standing to bring claims on behalf of the putative San Diego Class.")). Here, Plaintiff provides vague and general allegations about the website and language on the ticket that Plaintiff claims led him to have certain beliefs about the ADDD. However, the SAC fails to identify when Plaintiff claims to have visited the website detailing the ADDD upgrade in relation to buying his tickets, what statements he saw there, and which of those statements he relied upon in making his purchase. Plaintiff's argument that he relied on the language on his issued ticket(s) for the terms of the ADDD, also fails because based on the allegations in the SAC, it appears that he received the tickets as a confirmation of his purchase, *after* he decided to upgrade to the ADDD. SAC ¶ 28 ("On or about July 10, 2021, Mr. Simon received an email from Defendant confirming his purchase."). Accordingly, to the extent Plaintiff's CLRA, UCL, and FAL claims are based on affirmative misrepresentations by SeaWorld, Plaintiff's claims are **DISMISSED without prejudice** for lack of standing.

### 2. Omissions

Under California law, "[a]n essential element for a fraudulent omission claim is actual reliance." *Daniel v. Ford Motor Co.*, 2015 WL 7740646, at *6 (9th Cir. 2015) (citing *In re Tobacco II Cases*, 46 Cal. 4th 298 (2009)). "To prove reliance on an omission, a

plaintiff must show that the defendant's nondisclosure was an immediate cause of plaintiff's injury-producing conduct." *Id.* "A plaintiff may do so by simply proving 'that, had the omitted information been disclosed, one would have been aware of it and behaved differently.'" *Id.*

As set forth above, Plaintiff's vague and general allegations about the website and language on the ticket that Plaintiff claims led him to have certain beliefs about the ADDD do not suffice. Plaintiff's argument in the Opposition that he adequately set forth an explanation as to why the omission complained of was false and misleading is without merit. Oppo. at 18 (internal citation omitted). Plaintiff fails to identify with sufficient detail under Rule 9(b) when Plaintiff claims to have visited the website detailing the ADDD upgrade in relation to buying his tickets, what statements he saw there, and which of those statements (or purported omissions) he relied upon in making his purchase. *See generally Seldin v. HSN, Inc., et al.*, 2018 WL 3570308, at *4 (S.D. Cal. July 25, 2018) (Where a plaintiff has not alleged that he was exposed to any representation by the defendant, he "is unable to adequately plead [his] ability to have seen any material information that would have affected [his] purchase decision."). Accordingly, to the extent that Plaintiff alleges that certain information about the ADDD was omitted from SeaWorld's advertisements or representations, the SAC fails to identify what representations Plaintiff reviewed and relied on in making his decision to upgrade his ticket. The SAC also fails to identify when Plaintiff claims to have viewed these representations (or related omissions) in relation to when he bought his ticket(s). Therefore, to the extent Plaintiff's CLRA, UCL, and FAL claims are based on nondisclosure or omission, Plaintiff's claims are **DISMISSED without prejudice** for lack of standing.

In addition to the SAC's deficiencies with respect to standing, SeaWorld also argues that Plaintiff's CLRA, UCL and FAL claims fail because "Plaintiff does not allege a duty to disclose any purported omission." Motion at 17. In response, Plaintiff argues that the SAC alleges, with particularity, that "(i) Defendant 'has exclusive knowledge of material facts not known or reasonably accessible' to Plaintiff (*see, e.g.,* SAC 101, 103-04, 153);

(ii) Defendant 'actively conceals a material fact from' Plaintiff (*see, e.g., id*. 37-39, 80); and (iii) Defendant makes partial representations that are misleading because some other material fact has not been disclosed (*see, e.g., id*. 8-10, 37-39, 57).'" Oppo. at 23 (internal citations omitted).

"The elements of a cause of action for fraud in California are: (1) a misrepresentation (false representation, concealment, or *nondisclosure*); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Kearns,* 567 F.3d at 1126 (emphasis in original) (internal citation and quotation marks omitted). Under California law, an allegedly fraudulent omission is actionable only if the omission is "contrary to a representation made by the defendant, or an omission of a fact the defendant was obliged to disclose." *Daugherty v. Am. Honda Motor Co*., 144 Cal. App. 4th 824 (2006). "California courts have generally rejected a broad obligation to disclose, adopting instead the standard as enumerated by the California Court of Appeal in *Daugherty*." *Wilson v. Hewlett-Packard Co*., 668 F.3d 1136, 1141 (9th Cir. 2012). "'[U]nder the CLRA, plaintiffs must sufficiently allege that a defendant was aware of a defect at the time of sale to survive a motion to dismiss.'" *Kouball v. SeaWorld Parks & Entertainment, Inc*., 2020 WL 5408918, at *4 (S.D. Cal. Sept. 9, 2020) (citing *Wilson*, 668 F.3d at 1145). "The same is true for a claim under the UCL." *Kouball*, 2020 WL 5408918, at *4 (citing *Wilson*, 668 F.3d at 1145) (allegation of knowledge at the time of sale required). "Similarly, a plaintiff bringing a claim under the FAL must allege sufficient facts to show that a defendant knew, or should reasonably have known, the false or misleading statements were false when they were made. *Kouball*, at *4 (citing *Punian v. Gillette*, No. 14-cv-528-LHK, 2015 WL 4967535, at *9 (N.D. Cal. Aug. 20, 2015)).

Here, Plaintiff argues that SeaWorld had knowledge of a material fact that it actively concealed from Plaintiff and that partial representations that were misleading were made because some other material fact had not been disclosed. Oppo. at 23. In support thereof, Plaintiff points to the SAC's allegations that SeaWorld "knew or should have known through the exercise of reasonable care, that its advertising of the [ADDD] upgrade is false

1  and misleading because not all of the restaurants that Defendant represented were
2  participating in the [ADDD] were in fact participating in that program at SeaWorld San
3  Diego." SAC ¶ 103. The SAC further alleges that "[a]n employee [] informed Plaintiff that
4  Defendant had been previously told that the particular restaurant did not participate in the
5  [ADDD] program" and that "Defendant knowingly misrepresented to Plaintiff and others
6  similarly situated that various restaurants participated in the [ADDD] program when that
7  was not true." *Id.* ¶ 37. The SAC further alleges that "Defendant represented on their
8  attraction webpages and tickets in standardized uniform language that purchasers of the
9  [ADDD] could redeem one meal per hour at any of its participating restaurants at no
10 additional charge," and they "were denied access to meals." *Id.* ¶ 11.

   The SAC fails to explicitly identify the ground upon which Defendant's nondisclosure was based. As an initial matter, it is not clear what "material facts" Plaintiff alleges SeaWorld failed to disclose. Even if Plaintiff adequately pleaded materiality, Plaintiff has not sufficiently alleged that Defendant was aware and actively concealed this information at the time of Plaintiff's purchase of the ADDD. *See Wilson*, 668 F.3d at 1145-1146 n.5 ("The failure to disclose a fact that a manufacturer does not have a duty to disclose, i.e., a defect of which it was not aware, does not constitute an unfair or fraudulent practice [under the UCL]."); *see also Kent v. Hewlett-Packard Co.*, No. 09-5341 JF (PVT), 2010 WL 2681767, at *10 (N.D. Cal. July 6, 2010) ("Plaintiffs have not alleged with specificity any other facts that could support a claim that HP knew the computers in suit were defective at the time of sale or that HP actively concealed a defect at the time of sale."); *Taragon v. Nissan N. Am., Inc.*, 2013 WL 3157918, at *7 (N.D. Cal. June 20, 2013) ("An allegation of active concealment must plead more than an omission; rather a plaintiff must assert affirmative acts of concealment; e.g., that the defendant sought to suppress information in the public domain or obscure the consumers' ability to discover it."). Although the SAC alleges that an employee of the Orca West Market & Pretzel Shop told Plaintiff that Defendant had previously been told that it did not participate in the ADDD program, this allegation is insufficient to show Defendant's knowledge at the time of

Plaintiff's purchase or that such information was actively concealed from Plaintiff. Accordingly, to the extent Plaintiff's CLRA, UCL, and FAL claims are based on an omission by SeaWorld, Plaintiff's claims are **DISMISSED without prejudice** for lack of standing and failure to allege a duty to disclose any purported omission.

### B. Specific Statement under CLRA, UCL, and FAL Claims

In addition to the deficiencies addressed above, SeaWorld contends Plaintiff fails to "identify the *specific statement* (or purported omission) by SeaWorld on which the claims are based." Motion at 11-12. SeaWorld argues that Plaintiff fails to fully articulate the "who, what, when, where, and how" of any alleged statement by SeaWorld, thereby falling short of the heightened specificity required by Rule 9(b). *Id.* at 12 (citing *Kearns*, 567 F.3d at 1124). Plaintiff opposes on the grounds that (1) "Plaintiff alleges valid claims under the 'fraudulent' prong of the UCL"; (2) "Plaintiff also properly alleges the unlawful prong of the UCL"; and (3) "the SAC clearly demonstrates that the conduct at issue does offend public policy, is immoral, unethical, oppressive, and unscrupulous" and that Defendant "knew that these statements were unauthorized, inaccurate, and misleading." Oppo. at 24-26.

As discussed above, Plaintiff fails to identify the exact statement he claims to have relied on and when he allegedly relied on this statement(s) in connection with the purchase of the tickets. This severely undermines Plaintiff's claims. *See Kearns*, 567 F.3d at 1126 (holding that the plaintiff failed to allege the particular circumstances surrounding representation in part because they did not identify what was "specifically stated"); *see also Kouball*, 2020 WL 5408918, at *3 (explaining the plaintiff needed to allege "what specific statements SeaWorld made" for the complaint to be sufficient under Rule 9(b)); *see also Wenger v. Lumisys, Inc.*, 2 F. Supp. 2d 1231, 1246-47 (N.D. Cal. 1998) (explaining that Rule 9(b) demands direct quotations). Although Plaintiff attempts in his Opposition to point to the language from SeaWorld's website, Plaintiff does not identify what specific language on the website he relied on; additionally, the SAC indicates that the restaurants

listed on the website were "as of August 11, 2021," which is after the date of Plaintiff's visit to SeaWorld San Diego. SAC ¶¶ 8-10, 24.

Therefore, because Plaintiff does not "state with particularity the circumstances constituting fraud or mistake," [Fed. R. Civ. P. 9(b)] Plaintiff's UCL, CLRA, and FAL claims based on affirmative misrepresentation (or purported omission) are **DISMISSED without prejudice** for failure to state a claim.

### C. Application of the CLRA

Defendant argues that "the upgraded tickets to SeaWorld with the add-on [ADDD] pass (which allow guests to enter the park, visit exhibits, attend shows, and eat at certain restaurants) do not qualify as a service under the CLRA as this District has already held." Motion at 21 (citing *Hall*, 2015 WL 9659911, at *15 and *Kouball*, 2020 WL 5408918, *5). In response, Plaintiff argues that "this Court should instead follow the reasoning set forth in *Anderson v. SeaWorld Parks & Entm't, Inc.*, because that case is factually very similar to the present action because it deals with services purchased in connection with an admission ticket." Oppo. at 28 (citing *Anderson v. SeaWorld Parks & Entm't, Inc.*, 2016 WL 8929295 (N.D. Cal. Nov. 7, 2016) (unpublished)).

The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770(a). However, it is not "an otherwise applicable general law" as the CLRA "applies only to transactions for the sale or lease of consumer 'goods' or 'services' as those terms are defined in the act." *Fairbanks v. Superior Court*, 46 Cal. 4th 56, 60-61 (2009) (holding life insurance is not a "service under the CLRA"). A "consumer" is defined as "an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes." Cal. Civ. Code § 1761(d). "Services" are defined as "work, labor, and services for other than a commercial or business use, including services furnished in connection with the sale or repair of goods." Cal. Civ. Code § 1761(b). "Goods" are defined as "tangible chattels." Cal. Civ. Code § 1761(a).

As both parties acknowledge, one judge in this district has already found that "to hold that the tickets, or more specifically the admission to the parks that the tickets provide, constitute a service requires a strained and unnatural construction of the term" services. *Hall*, WL 9659911 at * 14; *see* Motion at 21; *see also* Oppo. at 28, n. 7. Most recently, Judge Bencivengo again declined to construe the term in that way, explaining that her court would "continue to follow the reasoning by the California Supreme Court in *Fairbanks*." *Kouball*, 2020 WL 5408918 at * 6. That is, "[r]ather than applying to all businesses, or to business transactions in general, the Consumers Legal Remedies Act applies only to transactions for the sale or lease of consumer 'goods' or 'services' as those terms are defined in the act." *Fairbanks*, 46 Cal. 4th at 65.

This Court agrees with Judge Bencivengo's decisions in *Kouball* and *Hall* that the tickets with the ADDD upgrade purchased by Plaintiff "merely allow access to SeaWorld's parks, and do not qualify as 'services[.]'" *Kouball*, 2020 WL 5408918, at *6. A ticket to SeaWorld with the ADDD upgrade is not "work or labor, nor is it related to the sale or repair of any tangible chattel." *Fairbanks*, 46 Cal. 4th at 65. Plaintiff's attempts to liken the facts in this case to those in *Anderson* and the other cases cited in the Opposition fail. For example, Plaintiff argues that in *Anderson*, "the tickets were used to purchase express educational and entertainment services." Oppo. at 29. Plaintiff argues that in the instant case, "Plaintiff did not merely purchase a license to access SeaWorld or a license to access its restaurants," but rather "Plaintiff expressly purchased an All-Day Dining Deal, which was to include specific food and beverage items that were advertised by Defendant as being the basis of the purchase." *Id.* at 29-30. Plaintiff tries, unsuccessfully, to argue that the Court should follow the reasoning in *Anderson* because "that case is factually very similar to the present action because it deals with services purchased in connection with an admission ticket." *Id.* at 28. However, Plaintiff does not adequately explain why the reasoning in *Kouball* and *Hall* would not apply in this case as they also involved admission

tickets to SeaWorld.[1] Plaintiff concedes that the "explicit meal purchases [purchased as part of the ADDD]" were "bundled with the purchase of an admission ticket," but fails to cite to any controlling authority in support of why this would qualify as a service under the CLRA. Oppo. at 28.

Plaintiff's alternative argument that an upgraded ticket is "at minimum" a "good" under the CLRA is also without merit. Oppo. at 32. "Goods" under the CLRA must be "tangible chattels" and an upgraded ticket is not a tangible chattel because it has no intrinsic value. Cal. Civ. Code § 1761(a). *See generally Berry v. American Express Publishing, Inc.*, 147 Cal. App. 4th 224, 229 (2007). In *Berry*, the court found that Plaintiff's credit card was not a "good" under CLRA and reasoned that although "a plastic credit card is tangible . . . the card has no intrinsic value and exists only as indicia of the credit extended to the card holder." *Id.* at 229; *see also Fairbanks*, 46 Cal. App. at 65 ("using the existence of these ancillary services to bring intangible goods within the coverage of the Consumer Legal Remedies Act would defeat the apparent legislative intent in limiting the definition of 'goods' to include only 'tangible chattels.'") (citing Civ. Code, § 1761, subd. (a)).

Accordingly, Plaintiff's CLRA claims are **DISMISSED with prejudice**. Additionally, Plaintiff's UCL claims, insofar that they are premised on a violation of the CLRA, are also **DISMISSED with prejudice**. *See Smith v. State Farm Mutual Automobile Ins. Co.*, 93 Cal. App. 4th 700, 718 (2001) (Where a plaintiff cannot state a claim under the "borrowed" law, she cannot state a UCL claim either).

### D. Negligent Misrepresentation and Intentional Misrepresentation and Fraud Claims

The elements of a claim for intentional misrepresentation are: "(1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of

---

[1] In light of the Court's finding that *Kouball* and *Hall* are both applicable to the facts in this case, the Court declines to address the parties' arguments about whether *Anderson,* 2016 WL 8929295, is appropriately cited given its designation as "NOT FOR CITATION." Motion at 13; Oppo. at 30.

falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Robinson Helicopter Co. v. Dana Corp.,* 34 Cal.4th 979, 22 Cal.Rptr.3d 352, 102 P.3d 268, 274 (2004) (citing *Lazar v. Superior Court,* 12 Cal.4th 631, 638, 49 Cal.Rptr.2d 377, 909 P.2d 981 (1996)). To allege a claim for negligent misrepresentation, a plaintiff must plead: "(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." *Wells Fargo Bank, N.A. v. FSI, Fin. Solutions, Inc.,* 196 Cal.App.4th 1559, 1573, 127 Cal.Rptr.3d 589 (2011) (citation and internal quotation marks omitted). Because a claim for misrepresentation sounds in fraud, the heightened pleading standards of Federal Rule of Civil Procedure 9(b) apply.

As explained above, Plaintiff fails to fully articulate the "who, what, when, where, and how" of the alleged statement by SeaWorld. In particular, Plaintiff has not provided the specific statement he alleges to be a misrepresentation, when it was stated, and where Plaintiff was exposed to the alleged statement. Accordingly, he has failed to plead reliance for either claim. *See e.g., Challenge Printing Co. v. Electronics for Imaging Inc.*, 500 F.Supp.3d 952, 965-66 (N.D. Cal. 2020) (dismissing claims for negligent misrepresentation, intentional misrepresentation, and fraudulent deceit where plaintiff failed to plead the who, what, where, when, and how of the misrepresentation).

Accordingly, Plaintiff's claims for negligent misrepresentation and intentional misrepresentation and fraud are **DISMISSED without prejudice**.

## IV.   CONCLUSION

For the reasons discussed above, SeaWorld's Motion to Dismiss is **GRANTED**. Plaintiff's claims are dismissed as follows:

1. Plaintiff's CLRA claims are **DISMISSED with prejudice**. Additionally, Plaintiff's UCL claims, insofar they are premised on a violation of the CLRA, are also **DISMISSED with prejudice.**

2. Plaintiff's UCL and FAL claims based on an omission by SeaWorld are **DISMISSED without prejudice**.

3. Plaintiff's UCL and FAL claims based on an affirmative representation by SeaWorld are **DISMISSED without prejudice**.

4. Plaintiff's claims for negligent misrepresentation and intentional misrepresentation and fraud are **DISMISSED without prejudice**.

Plaintiff may file an amended complaint by **June 3, 2022**. Failure to do so will result in a final judgment of dismissal of these claims.

**IT IS SO ORDERED**.

Dated: May 19, 2022

Honorable Linda Lopez
United States District Judge